**FOX ROTHSCHILD LLP**
*formed in the Commonwealth of Pennsylvania*
Eileen Oakes Muskett (020731994)
Adam Busler (060762013)
Lauren A. Wright (305462020)
Midtown Building, Suite 400
1301 Atlantic Avenue
Atlantic City, New Jersey  08401
Tel:     609-348-4515
Fax:     609-348-6834
Attorneys for Defendants,
Hammonton Police Department and Town of Hammonton

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **PEDRO BENITEZ,** | CIVIL ACTION |
| Plaintiff, | **DOCKET NO.: 1:22-cv-2067** |
| v. | |
| **HAMMONTON POLICE DEPARTMENT; TOWN OF HAMMONTON and JOHN DOES 1-5 AND 6-10,** | **NOTICE OF REMOVAL** |
| | *Document Filed Electronically* |
| Defendants. | |

**PLEASE TAKE NOTICE** that Defendants Hammonton Police Department ("HPD")

and Town of Hammonton (the "Town," and together with HPD, "Defendants") hereby remove

the above-entitled action from the Superior Court of New Jersey, Law Division, Atlantic County,

New Jersey, to the United States District Court for the District of New Jersey, Camden Vicinage.

In support of this Notice, Defendants state:

1.       On or about March 3, 2021, Plaintiff Pedro Benitez ("Plaintiff") commenced an

action against HPD in the Superior Court of New Jersey, Law Division, Atlantic County,

captioned *Pedro Benitez v. Hammonton Police Department, et al.*, Docket No. ATL-L-768-22

(the "State Court Action"), alleging claims under the Uniformed Services Employment and

1

132827819.1

Reemployment Rights Act ("USERRA") and the New Jersey Law Against Discrimination ("NJLAD"). A true copy of the Complaint filed by Plaintiff is attached as Exhibit A.

2. Defendants acknowledged service of the Summons and Complaint on March 11, 2022. See Exhibit B.

3. On March 21, 2022, Plaintiff filed an Amended Complaint, which ostensibly was filed to add the Town as a defendant, in the State Court Action. A true copy of the Amended Complaint filed by Plaintiff is attached as Exhibit C.

4. This Notice is filed with the Court within thirty days of Defendants' receipt "of a copy of the initial pleading setting forth the claim for relief upon such action or proceeding is based," as provided by 28 U.S.C. § 1446(b).

5. As of this date, Defendants have not filed any responsive pleading in the State Court Action, and no other proceedings have transpired in that action.

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 as Plaintiff raised federal claims in Count II for alleged violations of USERRA, a federal statute. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a) as the remaining claims are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. This matter is properly removable pursuant to 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C. § 1446(d), Defendants have served a copy of this Notice upon counsel for the Plaintiff and has filed a copy of this Notice with the Clerk of the Superior Court for Atlantic County, New Jersey.

**PLEASE TAKE FURTHER NOTICE** that, promptly after filing this Notice of Removal in the Office of the Clerk of the United States District Court for the District of New

2

132827819.1

Jersey, Defendants will provide written notice thereof to all adverse parties and shall file a copy

of the Notice of Removal (without Exhibits A, B, and C) bearing this Court's "FILED" stamp

with the Clerk of the Superior Court of New Jersey, Law Division, Atlantic County, New Jersey,

to effect removal of this action to the United States District Court for the District of New Jersey,

Camden Vicinage, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ Adam Busler
Adam Busler
FOX ROTHSCHILD LLP
Midtown Building, Suite 400
1301 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 348-4515

*Attorneys for Defendants,*
*Hammonton Police Department and Town of*
*Hammonton*

Dated:  April 8, 2022

3

## CERTIFICATE OF SERVICE

I hereby certify that I caused one copy of the foregoing Notice of Removal and Civil

Cover Sheet to be delivered via first class mail, postage prepaid to:

Jacquelyn R. Matchett
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
Attorneys for Plaintiff

/s/ Adam Busler

Dated:  April 8, 2022                                      Adam Busler

132827819.1

# Exhibit A

**COSTELLO & MAINS, LLC**
By:  Jacquelyn R. Matchett
Attorney I.D. No. 107622014
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
jmatchett@costellomains.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| PEDRO BENITEZ, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | ATLANTIC COUNTY- LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| HAMMONTON POLICE DEPARTMENT | : | DOCKET NO: |
| and JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |

Plaintiff, Pedro Benitez, residing in New Jersey, by way of Complaint against the

Defendants, says:

### Preliminary Statement

This matter is opened to the Court alleging military status harassment in violation of the

New Jersey Law Against Discrimination ("LAD") and the Uniformed Services Employment and

Reemployment Rights Act ("USERRA").

### Identification of Parties

1.     Plaintiff Pedro Benitez is, at all relevant times herein, a resident of the State of

New Jersey and a current employee of the Defendants.

2.     Defendant Hammonton Police Department is, at all relevant times herein, a public

entity subject to liability under the LAD and USERRA and is the employer of Plaintiff, located

at 100 Central Avenue, Hammonton, New Jersey 08037.

1

3.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

4.      Plaintiff began working for Defendant in or around December 2019.

5.      At all relevant times herein, Plaintiff performed his work up to or beyond the reasonable expectations of his employer.

6.      Plaintiff is a current active member of the Air National Guard and holds an E-5, staff sergeant ranking.

7.      Defendant was aware of Plaintiff's ongoing military service at the time of his hiring.

8.      Corporal Robert Zbikowski was in charge of Plaintiff's training for Defendant.

9.      Cpl. Zbikowski was aware of Plaintiff's military status.

10.     During training, Cpl. Zbikowski wrote on one of Plaintiff's tests that if Plaintiff failed, he would die.

11.     During Plaintiff's field training, Detective (first name unknown) Haggerty and another officer informed Plaintiff he should not accept military orders in his first year or the leadership would find a reason to retaliate against him.

12.     Plaintiff completed his field training and was put on patrol in or around March 20, 2020.

13.     Throughout his employment, Plaintiff would periodically have drill weekends where he would have to report to the military base for the weekend.

2

14. When Plaintiff would inform Lieutenant Donald Kunen he had a drill weekend, Lieutenant Kunen would tell Plaintiff he had a legal obligation to stay until 7 a.m. on his shift.

15. This created a conflict as Plaintiff was required to report to base by 6:30 a.m. for drill.

16. As such, Lt. Kunen would make Plaintiff use paid time off or sick time instead of accommodating Plaintiff's military duty schedule.

17. On or around August 30, 2020, Plaintiff informed Lt. Kunen he needed to take time to complete his annual guard training days.

18. Lt. Kunen yelled at Plaintiff, telling him Hammonton comes first and that Plaintiff would need to decide whether he wants to fight for his job.

19. Lt. Kunen also stated he did not think small departments should have to deal with officers taking military orders.

20. In or around January 2021, Plaintiff received military orders for a deployment beginning in either late February or early March 2021.

21. After Plaintiff informed Lt. Kunen, the Lt. told him that it was "fucked up" that he was taking orders because they were a small department.

22. At one point, on or around January 11, 2021, Lt. Kunen accused Plaintiff of abusing his military leave.

23. During that incident, Lt. Kunen threatened to "get rid of" Plaintiff because he was not committed to his officer position.

24. Lt. Kunen also told Plaintiff he should go work for the County Sheriff's Office.

25. Plaintiff began his deployment to the Middle East as scheduled.

26.     Plaintiff was initially scheduled to return form his deployment on or around September 10, 2021.

27.     Plaintiff instead returned to the United States on or around August 3, 2021, because he contracted COVID and double pneumonia and was put on extended medical orders.

28.     On or around August 26, 2021, Plaintiff informed Lt. Kunen that he would need to see a pulmonologist in order to return to the department.

29.     On or around September 10, 2021, Lt. Kunen called Plaintiff to tell him he needed to use his sick time in order to cover the military leave.

30.     Plaintiff emailed Chief Kevin Friel in order to stop the Lt. from utilizing Plaintiff's sick time.

31.     This process was eventually stopped, however, over 80 hours of Plaintiff's leave time had already been taken.

32.     Plaintiff was cleared to return to the department on or around October 25, 2021.

33.     During Plaintiff's first day back, Lt. Kunen brought Plaintiff into his office and chastised him, asking Plaintiff if he wanted to be an officer and stating that if Plaintiff was not committed to the department, he would get rid of Plaintiff.

34.     During the altercation, Lt. Kunen pointed to a stack of papers and stated there were other qualified applicants for Plaintiff's position who he would prefer to hire.

35.     Plaintiff was placed in a middle school as a school resource officer.

36.     On or around November 9, 2021, Plaintiff, Lt. Kunen, Officer John Amendolia, and another officer went to the gun range together.

37.     Ofr. Amendolia was in his military uniform.

4

38.     While at the gun range, a Pleasantville Officer came over to the group and made the comment "fucking military guys" when speaking directly with Lt. Kunen.

39.     The Pleasantville Officer also told Lt. Kunen that they have continued to place one of their officers on field training after his deployment.

40.     Lt. Kunen did not take issue with the Pleasantville officer's language or actions towards members of the military.

41.     On or around November 12, 2021, Plaintiff responded to a call without his vest, body camera, or handcuffs, a manner in which other officers had responded to calls in the past.

42.     On November 17, 2021, Plaintiff met with Chief Friel and Lt. Kunen at the middle school.

43.     The Chief and Lt. told Plaintiff he could either return to field training or transfer to the Atlantic County Sheriff Office.

44.     Plaintiff initially agreed to the transfer due to his experiences in field training as well as his harassing experiences with Lt. Kunen.

45.     After Plaintiff learned that taking the Sheriff Officer position would result in a significant pay cut, he declined the transfer.

46.     On or around December 2, 2021, Plaintiff was placed back into field training.

47.     Cpl. Zbikowski informed everyone Plaintiff would be handling all of the calls.

48.     This was similar to the treatment Plaintiff received during his first training with Cpl. Zbikowski.

49.     On or around December 8, 2021, Plaintiff received new orders from the Guard assisting in New Jersey with the State's COVID response.

50.     The assignment will last until March 31, 2022.

5

51.    During this time frame, Plaintiff applied to New Jersey State Park Police ("NJSPP").

52.    Detective (first name unknown) Madden of the NJSPP had a conversation with Chief Friel and Lt. Kunen in which the Lt. and Chief informed Det. Madden that Plaintiff takes military orders so that he does not have to work at the station.

53.    On or around January 19, 2022, Lt. Kunen emailed out the Squad A and B schedules for the year, where officers could pick their vacation dates.

54.    Plaintiff was not listed on either schedule.

55.    Plaintiff emailed Lt. Kunen about this issue, but at the time of the filing of this Complaint, has not received an answer.

56.    The harassment herein is alleged to be either severe and/or pervasive.

57.    All harassment herein is alleged to have been because of Plaintiff's status as a member of the military and/or in retaliation for taking military related leave.

58.    All harassment set forth herein is such that a reasonable member of the military in Plaintiff's circumstance would have found this environment altered to have become hostile, intimidating and abusive.

59.    Plaintiff's work environment did so alter.

60.    The harassment was purposeful, intentional and willful, and undertaken by members by upper management in fact and in law.

61.    The harassment was regular, continuous and ongoing, such that the harassment which precedes the two-year period preceding the filing of this Complaint is actionable under the continuing violation doctrine.

6

62.     Because the harassment was intentional, egregious, and because it was participated in by members of upper management, punitive damages are warranted.

63.     Defendants are further liable for the harassment because it delegated authority to members of upper management over Plaintiff which then used their authority to subject Plaintiff to a hostile work environment.

64.     As a result of the actions of Defendants, Plaintiff has been forced to suffer economic and emotional harms.

## COUNT I

### Military Harassment Under the LAD

65.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 64, as though fully set forth herein.

66.     The conduct set forth above constitutes military status harassment in violation of the LAD and is the responsibility of the Defendant both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### USERRA

67.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 66, as though fully set forth herein.

68.     For the reasons set forth above, plaintiff was discriminated against and harassed by defendants as a result of his military status.

69.     In addition, and/or in the alternative, plaintiff has suffered adverse job actions as the result of his military status.

70.     Defendant is liable for such conduct in compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, liquidated damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### Request for Equitable Relief

71.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 68 as though fully set forth herein.

72.     Plaintiff requests the following equitable remedies and relief in this matter.

73.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

74.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

75.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

76.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

77.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

78.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

79.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

**By:  _/s/ Jacquelyn R. Matchett_**
**Jacquelyn R. Matchett**

Dated: March 3, 2022

9

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause  of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:   */s/ Jacquelyn R. Matchett*
       **Jacquelyn R. Matchett**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:   */s/ Jacquelyn R. Matchett*
       **Jacquelyn R. Matchett**

10

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.      I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By:   _/s/ Jacquelyn R. Matchett_
**Jacquelyn R. Matchett**

## DESIGNATION OF TRIAL COUNSEL

Jacquelyn R. Matchett, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By:   _/s/ Jacquelyn R. Matchett_
**Jacquelyn R. Matchett**

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-000768-22

**Case Caption:** BENITEZ PEDRO  VS HAMMONTON POLICE DEP ARTMENT

**Case Initiation Date:** 03/03/2022

**Attorney Name:** JACQUELYN ROSETTA MATCHETT

**Firm Name:** COSTELLO & MAINS LLC

**Address:** 18000 HORIZON WAY STE 800
MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : BENITEZ, PEDRO

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** PEDRO BENITEZ? NO

---

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
      **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/03/2022
Dated

/s/ JACQUELYN ROSETTA MATCHETT
Signed

# Exhibit B

| | | |
|---|---|---|
| PEDRO BENITEZ | Plaintiff | Superior Court of New Jersey |
| vs. | | Law Division |
| HAMMONTON POLICE | Defendant | Atlantic County |
| DEPARTMENT, ET AL | | Docket Number: ATL-L-000768-22 |

**Person to be served (Name & Address):**
HAMMONTON POLICE DEPARTMENT
100 CENTRAL AVENUE
HAMMONTON, NJ 08037

**Attorney:**
JACQUELYN MATCHETT, ESQ

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2022007884

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Rule 4:5-1 Certification, CIS, Track Assignment Notice, Plaintiff's First Set of Interrogatories Directed to Defendants, Plaintiff's First Request For Production Of Documents, Certification and Lawyers Referral List

**Service Data:**

Served Successfully __X__    Not Served_____    Date: 3/11/2022_____    Time: 1:23 pm____    Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

__X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

_Angelica Fontanez_____

_Managing Agent_____

**Description of Person Accepting Service:**

Sex: F____  Age: 34___  Height: 5'5"___  Weight: 140___  Skin Color: White_____  Hair Color: Black_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
_3/17_ 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

NANCY M. MARRERO
Notary Public, State of New Jersey
Commission # 50166917
My Commission Expires 7/30/2026

Docusign Court Approved E-Signature

I, Jessica Klein, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server          3/17/22   Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2022007884

# Exhibit C

ATL-L-000768-22 03/31/2022 3:25:16 PM Pg 1 of 12 Trans ID: LCV20221732897

**COSTELLO & MAINS, LLC**
By: Jacquelyn R. Matchett
Attorney I.D. No. 107622014
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
jmatchett@costellomains.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| PEDRO BENITEZ, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | ATLANTIC COUNTY- LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| HAMMONTON POLICE DEPARTMENT; | : | DOCKET NO: ATL-L-0768-22 |
| TOWN OF HAMMONTON and JOHN | : | |
| DOES 1-5 AND 6-10, | : | **FIRST AMENDED** |
| | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff, Pedro Benitez, residing in New Jersey, by way of Complaint against the
Defendants, says:

### Preliminary Statement

This matter is opened to the Court alleging military status harassment in violation of the
New Jersey Law Against Discrimination ("LAD") and the Uniformed Services Employment and
Reemployment Rights Act ("USERRA").

### Reason for Amendment

The purpose of this amended Complaint is to add Town of Hammonton as a Defendant.

### Identification of Parties

1. Plaintiff Pedro Benitez is, at all relevant times herein, a resident of the State of
New Jersey and a current employee of the Defendants.

1

2. Defendant Hammonton Police Department is, at all relevant times herein, a public entity subject to liability under the LAD and USERRA and is the employer of Plaintiff, located at 100 Central Avenue, Hammonton, New Jersey 08037.

3. Defendant Town of Hammonton is, at all relevant times herein, a public entity subject to liability under the LAD and USERRA and is the employer of Plaintiff, located at 100 Central Avenue, Hammonton, New Jersey 08037.

4. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

5. Plaintiff began working for Defendant in or around December 2019.

6. At all relevant times herein, Plaintiff performed his work up to or beyond the reasonable expectations of his employer.

7. Plaintiff is a current active member of the Air National Guard and holds an E-5, staff sergeant ranking.

8. Defendant was aware of Plaintiff's ongoing military service at the time of his hiring.

9. Corporal Robert Zbikowski was in charge of Plaintiff's training for Defendant.

10. Cpl. Zbikowski was aware of Plaintiff's military status.

11. During training, Cpl. Zbikowski wrote on one of Plaintiff's tests that if Plaintiff failed, he would die.

2

12. During Plaintiff's field training, Detective (first name unknown) Haggerty and another officer informed Plaintiff he should not accept military orders in his first year or the leadership would find a reason to retaliate against him.

13. Plaintiff completed his field training and was put on patrol in or around March 20, 2020.

14. Throughout his employment, Plaintiff would periodically have drill weekends where he would have to report to the military base for the weekend.

15. When Plaintiff would inform Lieutenant Donald Kunen he had a drill weekend, Lieutenant Kunen would tell Plaintiff he had a legal obligation to stay until 7 a.m. on his shift.

16. This created a conflict as Plaintiff was required to report to base by 6:30 a.m. for drill.

17. As such, Lt. Kunen would make Plaintiff use paid time off or sick time instead of accommodating Plaintiff's military duty schedule.

18. On or around August 30, 2020, Plaintiff informed Lt. Kunen he needed to take time to complete his annual guard training days.

19. Lt. Kunen yelled at Plaintiff, telling him Hammonton comes first and that Plaintiff would need to decide whether he wants to fight for his job.

20. Lt. Kunen also stated he did not think small departments should have to deal with officers taking military orders.

21. In or around January 2021, Plaintiff received military orders for a deployment beginning in either late February or early March 2021.

22. After Plaintiff informed Lt. Kunen, the Lt. told him that it was "fucked up" that he was taking orders because they were a small department.

3

23. At one point, on or around January 11, 2021, Lt. Kunen accused Plaintiff of abusing his military leave.

24. During that incident, Lt. Kunen threatened to "get rid of" Plaintiff because he was not committed to his officer position.

25. Lt. Kunen also told Plaintiff he should go work for the County Sheriff's Office.

26. Plaintiff began his deployment to the Middle East as scheduled.

27. Plaintiff was initially scheduled to return form his deployment on or around September 10, 2021.

28. Plaintiff instead returned to the United States on or around August 3, 2021, because he contracted COVID and double pneumonia and was put on extended medical orders.

29. On or around August 26, 2021, Plaintiff informed Lt. Kunen that he would need to see a pulmonologist in order to return to the department.

30. On or around September 10, 2021, Lt. Kunen called Plaintiff to tell him he needed to use his sick time in order to cover the military leave.

31. Plaintiff emailed Chief Kevin Friel in order to stop the Lt. from utilizing Plaintiff's sick time.

32. This process was eventually stopped, however, over 80 hours of Plaintiff's leave time had already been taken.

33. Plaintiff was cleared to return to the department on or around October 25, 2021.

34. During Plaintiff's first day back, Lt. Kunen brought Plaintiff into his office and chastised him, asking Plaintiff if he wanted to be an officer and stating that if Plaintiff was not committed to the department, he would get rid of Plaintiff.

4

35.     During the altercation, Lt. Kunen pointed to a stack of papers and stated there were other qualified applicants for Plaintiff's position who he would prefer to hire.

36.     Plaintiff was placed in a middle school as a school resource officer.

37.     On or around November 9, 2021, Plaintiff, Lt. Kunen, Officer John Amendolia, and another officer went to the gun range together.

38.     Ofr. Amendolia was in his military uniform.

39.     While at the gun range, a Pleasantville Officer came over to the group and made the comment "fucking military guys" when speaking directly with Lt. Kunen.

40.     The Pleasantville Officer also told Lt. Kunen that they have continued to place one of their officers on field training after his deployment.

41.     Lt. Kunen did not take issue with the Pleasantville officer's language or actions towards members of the military.

42.     On or around November 12, 2021, Plaintiff responded to a call without his vest, body camera, or handcuffs, a manner in which other officers had responded to calls in the past.

43.     On November 17, 2021, Plaintiff met with Chief Friel and Lt. Kunen at the middle school.

44.     The Chief and Lt. told Plaintiff he could either return to field training or transfer to the Atlantic County Sheriff Office.

45.     Plaintiff initially agreed to the transfer due to his experiences in field training as well as his harassing experiences with Lt. Kunen.

46.     After Plaintiff learned that taking the Sheriff Officer position would result in a significant pay cut, he declined the transfer.

47.     On or around December 2, 2021, Plaintiff was placed back into field training.

5

48. Cpl. Zbikowski informed everyone Plaintiff would be handling all of the calls.

49. This was similar to the treatment Plaintiff received during his first training with Cpl. Zbikowski.

50. On or around December 8, 2021, Plaintiff received new orders from the Guard assisting in New Jersey with the State's COVID response.

51. The assignment will last until March 31, 2022.

52. During this time frame, Plaintiff applied to New Jersey State Park Police ("NJSPP").

53. Detective (first name unknown) Madden of the NJSPP had a conversation with Chief Friel and Lt. Kunen in which the Lt. and Chief informed Det. Madden that Plaintiff takes military orders so that he does not have to work at the station.

54. On or around January 19, 2022, Lt. Kunen emailed out the Squad A and B schedules for the year, where officers could pick their vacation dates.

55. Plaintiff was not listed on either schedule.

56. Plaintiff emailed Lt. Kunen about this issue, but at the time of the filing of this Complaint, has not received an answer.

57. The harassment herein is alleged to be either severe and/or pervasive.

58. All harassment herein is alleged to have been because of Plaintiff's status as a member of the military and/or in retaliation for taking military related leave.

59. All harassment set forth herein is such that a reasonable member of the military in Plaintiff's circumstance would have found this environment altered to have become hostile, intimidating and abusive.

60. Plaintiff's work environment did so alter.

6

61. The harassment was purposeful, intentional and willful, and undertaken by members by upper management in fact and in law.

62. The harassment was regular, continuous and ongoing, such that the harassment which precedes the two-year period preceding the filing of this Complaint is actionable under the continuing violation doctrine.

63. Because the harassment was intentional, egregious, and because it was participated in by members of upper management, punitive damages are warranted.

64. Defendants are further liable for the harassment because it delegated authority to members of upper management over Plaintiff which then used their authority to subject Plaintiff to a hostile work environment.

65. As a result of the actions of Defendants, Plaintiff has been forced to suffer economic and emotional harms.

## COUNT I

### Military Harassment Under the LAD

66. Plaintiff hereby repeats and re-alleges paragraphs 1 through 65, as though fully set forth herein.

67. The conduct set forth above constitutes military status harassment in violation of the LAD and is the responsibility of the Defendant both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

7

## COUNT II

### USERRA

68. Plaintiff hereby repeats and re-alleges paragraphs 1 through 66, as though fully set forth herein.

69. For the reasons set forth above, plaintiff was discriminated against and harassed by defendants as a result of his military status.

70. In addition, and/or in the alternative, plaintiff has suffered adverse job actions as the result of his military status.

71. Defendant is liable for such conduct in compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, liquidated damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### Request for Equitable Relief

72. Plaintiff hereby repeats and re-alleges paragraphs 1 through 68 as though fully set forth herein.

73. Plaintiff requests the following equitable remedies and relief in this matter.

74. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

75. Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

8

76.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

77.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

78.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

79.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

80.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By: _/s/ Jacquelyn R. Matchett_
**Jacquelyn R. Matchett**

Dated: March 21, 2022

9

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By:   _/s/ Jacquelyn R. Matchett_
        **Jacquelyn R. Matchett**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC

By:   _/s/ Jacquelyn R. Matchett_
        **Jacquelyn R. Matchett**

10

## RULE 4:5-1 CERTIFICATION

1.  I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.  I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: __/s/ Jacquelyn R. Matchett__
**Jacquelyn R. Matchett**

## DESIGNATION OF TRIAL COUNSEL

Jacquelyn R. Matchett, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: __/s/ Jacquelyn R. Matchett__
**Jacquelyn R. Matchett**

11

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-000768-22

**Case Caption:** BENITEZ PEDRO VS HAMMONTON POLICE DEP ARTMENT

**Case Initiation Date:** 03/03/2022

**Attorney Name:** JACQUELYN ROSETTA MATCHETT

**Firm Name:** COSTELLO & MAINS LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : BENITEZ, PEDRO

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** PEDRO BENITEZ? **NO**

---

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/03/2022
Dated

/s/ JACQUELYN ROSETTA MATCHETT
Signed