THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PEDRO BENITEZ, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | Civil Action No. 22-2067 (KMW-EAP) |
| HAMMONTON POLICE DEPARTMENT, *et al.*, | **MEMORANDUM OPINION & ORDER** |
| Defendants. | |

**WILLIAMS, District Judge:**

WHEREAS, on April 8, 2022, Defendants filed a Notice of Removal to this Court due to the presence of a federal claim pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), asserting this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331, (ECF No. 1); and

WHEREAS, the matter was properly removed under 28 U.S.C. § 1441(a); and

WHEREAS, the case proceeded and discovery was taken, and on July 17, 2023, Plaintiff's USSERA claim was dismissed; and

WHEREAS, the only remaining claim in the matter is pursuant to the New Jersey Law Against Discrimination ("NJLAD");

WHEREAS, on September 6, 2023, Plaintiff moved to remand this matter back to state court, (ECF No. 47); and

WHEREAS, on September 18, 2023, Defendants opposed removal, requesting the Court to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), claiming that fairness,

judicial economy, and convenience would be served if the Court retained jurisdiction over the matter, (ECF No. 48); and

WHEREAS, Defendants asserts substantial discovery has taken place, the parties are ready to file dispositive motions, and remand would cause unfair delay due to the back log in the New Jersey Superior Court; and

WHEREAS, on September 25, 2023, Plaintiff replied, noting that this Court is also experiencing a high volume of filings, that witnesses would be required to travel farther to get to Camden for a trial, and that no prejudice to either party would exist for a superior court judge to review this case, (ECF No. 49); and

THE COURT FINDING, that a "district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary," *Jones v. Virtua Health, Inc.*, No. 15-5840, 2017 WL 77411 at *3 (D.N.J. Jan. 9, 2017) (quoting *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); and

THE COURT FINDING, that pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction," and that "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction," *Schaffer v. Atl. Broad. Of Lindwood NJ Ltd. Liab.*, No. 10-5449, 2011 WL 1884734 at *2 (D.N.J. May 17, 2011) (internal citations omitted); and

THE COURT FINDING that the following factors compel the Court to decline its continuing exercise of supplemental jurisdiction and remand the matter to state court:

- The remainder of Plaintiff's case alleges violations of the NJLAD, and even though this Court is bound to apply state law to state law-based claims, "needless decisions of state

law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law," *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966); and

- The case is currently "before trial" which is a posture that is permissible to remand, as supported by *Gibbs*: "Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well," *Gibbs*, 383 U.S. at 726; and

- Further, the fact that discovery is concluded and parties are ready to file dispositive motions "suggests even less of an effect on judicial economy, convenience, and fairness to the parties than if the case were still in the thick of the discovery process" and even where, unlike here, dispositive motions are pending before the Court, such a posture "does not constitute exceptional circumstances justifying supplemental jurisdiction," *Jones v. Virtua Health, Inc.*, 2017 WL 77411 at *3; and

- It serves the judicial economy to remand this matter at this juncture; and

- Remand does not seriously implicate the issues of fairness and convenience for the parties given the geographical closeness of the parties and potential witnesses to the state court.

Thus, IT IS on this **1st** day of **April 2024,** hereby

**ORDERED** that Plaintiff's Motion to Remand (ECF. No. 47) is **GRANTED**; and further

**ORDERED** that this matter be remanded to the Superior Court of New Jersey; and further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

Dated: April 1, 2024

KAREN M. WILLIAMS
United States District Judge